IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD GIBSON, SR. # 12855-083  *
        Petitioner                                   CIVIL ACTION NO. PJM-013-1825
    v.                                                *      CRIMINAL ACTION NO. PJM-94-454

UNITED STATES OF AMERICA         *
        Respondent
                                                         *****

## **MEMORANDUM OPINION**

Bernard Gibson, Sr., a federal prisoner, filed this "Motion for Relief in the Interest of Justice Under Section 2255 (f)(3) of Title 28 (second-in-time)" on June 21, 2013, seeking to vacate his convictions and sentence for conspiracy to possess with intent to distribute heroin and cocaine. The Motion will construed as filed pursuant to 28 U.S.C. § 2255, and dismissed without prejudice.

After a jury trial, Gibson was convicted of conspiracy to possess with intent to distribute heroin and cocaine in violation of 18 U.S.C. § 846. This Court imposed a mandatory life sentence. The United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *See United States v. Gibson*, 187 F.3d 631 (4th Cir. 1999). The United States Supreme Court granted certiorari, vacated the judgment and remanded the case to the Fourth Circuit for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Gibson v. United States*, 531 U.S. 801 (2000).

On remand, the Fourth Circuit affirmed the conviction, but vacated the life sentence and remanded the case to this Court with instructions to sentence Gibson to a term of imprisonment not to exceed the thirty-year statutory maximum provided at 21 U.S.C. § 841(b)(1)(c). *See United States v. Gibson*, 18 Fed. Appx. 85 (4th Cir 2001) (unpublished). Prior to re-sentencing, however, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625 (2002), reversing the

panel decision on which the appellate court had relied on in *Gibson*.[1] This Court re-imposed Gibson's life sentence in light of the Supreme Court's decision in *Cotton*, 535 U.S. at 625, and the Fourth Circuit affirmed on appeal, ruling that the District Court was not required to follow the Fourth Circuit's mandate and the undersigned's determination of drug quantity was not plain error. In sum, the Fourth Circuit held that this Court properly declined to follow *Gibson* given the Supreme Court's intervening decision in *Cotton. See United States v. Blue*, 85 Fed. Appx. 905, 906 (4th Cir. 2004) (unpublished), *cert denied, Gibson v United States*, 541 U.S. 1081 (2004).

On May 25, 2005, Gibson filed for collateral relief pursuant to 28 U.S.C. § 2255. The Court substantively denied the Motion on May 23, 2006. *See Gibson v. United States*, Civil Action No. PJM-05-1437 (D. Md.). The Fourth Circuit dismissed the appeal and denied a Certificate of Appealability on February 16, 2007. *See United States v. Gibson*, 218 Fed. Appx. 221 (4th Cir. 2007). A "Petition for Writ of Audita Querela" filed by Gibson on June 1, 2007, was construed as a second § 2255 Motion and dismissed as successive on June 13, 2007. *See Gibson v. United States*, Civil Action No. PJM-07-1293 (D. Md.). Gibson's Motion for Reconsideration was denied on September 7, 2007. The Fourth Circuit dismissed the appeal and denied a Certificate of Appealability. *See United States v. Gibson*, 255 Fed. Appx. 721 (4th Cir. 2007). On July 22, 2009, Gibson filed yet another § 2255 Motion which was dismissed as successive on July 28, 2009. *See Gibson v. United States*, Civil Action No. PJM-09-1913 (D. Md.). The Fourth Circuit dismissed the appeal and denied a Certificate of Appealability. *See United States v. Gibson*, 359 Fed. Appx. 397 (4th Cir. 2009).

---

[1] In *Cotton*, the Supreme Court held that an unpreserved *Apprendi* error need not be corrected on plain error appellate review if the trial evidence of the allegations missing from the indictment was "overwhelming" and "essentially uncontroverted." 535 U.S. at 633.

In the instant Motion to Vacate, Gibson claims that he was denied procedural due process under the "plain error" holding in *Henderson v. United States*, 133 S. Ct. 1121 (2013). Gibson asserts that the Court mistakenly misinterpreted *Cotton* when resentencing him, thus committing plain error.

The Court may not address Gibson's claim. The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Gibson filed at least three prior § 2255 Motions, which related to the same judgment and sentence that he presently challenges.

Gibson neither states nor does the record show that he has obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this 28 U.S.C. § 2255 action. Thus, being without authorization, this Court is unable to hear Gibson's repetitive claims, which are presented in the pending Motion. *Winestock,* 340 F.3d at 205. the Motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). This Court is precluded from considering the Motion. The Motion shall be dismissed by separate Order.

/s/
PETER J. MESSITTE
June 28, 2013   UNITED STATES DISTRICT JUDGE